# UNITED STATES DISTRICT AND BANKRUPTCY COURTS
# FOR THE DISTRICT OF COLUMBIA

**Jovica Petrovic,**
Plaintiff,

v.

**United States of America,**
Defendant

Case: 1:19-cv-00936   JURY DEMAND
Assigned To : Unassigned
Assign. Date : 4/1/2019
Description: Pro Se Gen. Civ. (F-DECK)

## COMPLAINT UNDER FEDERAL TORT CLAIM ACT (FTCA)

COMES NOW, Petitioner Jovica Petrovic, pro se, and submit this complain under Federal Tort Claim Act (FTCA). This court has jurisdiction under 28 U.S.C. § 1346(b)(1).

The Chief U.S. Probation officer, Douglas W. Burris, the Supervising Probation Officer, Joseph L. Hendrickson, and, U.S. Probation Officer Kristi K. Rackley, was all the time the employee of the United States and was acting within the scope of their office or employment.

In <u>United States of America v. Jovica Petrovic</u>, case No.: 4:10-cr-00415-HEA, the Chief U.S. Probation officer, Douglas W. Burris, the Supervising Probation Officer, Joseph L. Hendrickson, and, U.S. Probation Officer Kristi K. Rackley, commit miscarriage of justice when they purposely and sadistically miscalculated Petrovic's "Sentencing Recommendation", "Confidential and Nondisclosable", (Attachment 1), and recommend that Petrovic should be sentenced to 96 months imprisonment. With this "recommendation" they violate Petrovic's Sixth Amendment, jury-trial guaranty, United States Sentencing Guideline, United States Public Penal Code § 223.4, and Supreme Court's precedents.

After serving, as innocent person, 2635 days in several Federal and Immigration Prisons, Petrovic was released and deported to Germany on October 06, 2017.

1


RECEIVED Mail Room   APR -1 2019   Angela D. Caesar, Clerk of Court  U.S District Court District of Columbia

# BACKGROUND

Based on the "Sentencing Recommendation" from the Chief U.S. Probation officer, Douglas W. Burris, the Supervising Probation Officer, Joseph L. Hendrickson, and, U.S. Probation Officer Kristi K. Rackley, the United States District Court Judge, Henry Edward Autrey, adapted their recommendation and sentenced Jovica Petrovic, in counts I-IV, interstate stalking, and in counts V and VII, interstate extortionate threat, to 96 months imprisonment. (Case No.: 4:10-cr-00415-HEA).

In the "Sentencing Recommendation" (confidential and Nondisclosable) the Chief U.S. Probation officer, Douglas W. Burris, the Supervising Probation Officer, Joseph L. Hendrickson, and, U.S. Probation Officer Kristi K. Rackley commit purposely miscarriage of justice, when they "purposely" and "sadistically" miscalculate "sentencing recommendation". In their "Sentencing Recommendation" they stated following:

1. "Statutory Provisions"

    (i) In counts 1 – 4 NOT more than 5 years custody, and

    (ii) In counts 5 & 7 not more than 2 years.

2. "Guideline Provisions"

    51 months – 63 months

3. "Recommended Sentence"

    **Counts 1 – 4**; 60 months on each count, **run concurrently** with the remaining counts (5 & 7) **except** 36 months on **count two** to run consecutively to the remaining counts (5 & 7).

    Counts 5 & 7, 24 months on each count, concurrent.

    Aggregate = 96 months (Departure)

The U.S. district judge, Henry Edward Autrey, adapted blind the "sentencing recommendation" without to check it, which is crime by itself, which was "Confidential and Nondisclosable"

2

from the Chief U.S. Probation officer, Douglas W. Burris, the Supervising Probation Officer, Joseph L. Hendrickson, and, U.S. Probation Officer Kristi K. Rackley; and sentenced Petrovic attentional and wrongfully to 96 months imprisonment, and violate Petrovic's Sixth Amendment to the United States Constitution, jury-trial guaranty.

## FACTS

1. In "Huto v. Davis", 454 U.S. 370, (1982), per curium, the Supreme Court held that a precedent of the Supreme Court MUST be followed by the lower Federal Courts, no matter how misguided the judges of those courts may think it to be. (454 U.S. 371).

*Therefore, the Chief U.S. Probation officer, Douglas W. Burris, the Supervising Probation Officer, Joseph L. Hendrickson, and, U.S. Probation Officer Kristi K. Rackley were obligated to follow the Supreme Court's precedent "Huto v. Davis" in their recommendation, but they choose not to.*

2. Under Penal Code § 223.4, extortion formerly, narrowly defined as the unlawful taking, by color of office or of right, or money or anything which is NOT DUE.

*Therefore the Chief U.S. Probation officer, Douglas W. Burris, the Supervising Probation Officer, Joseph L. Hendrickson, and, U.S. Probation Officer Kristi K. Rackley were obligated to follow the United States Penal Code § 223.4, but they choose not to.*

*If they followed the United States Penal Code § 223.4, they could NEVER come to the conclusion that the count VII were an extortion, and could NOT recommend to the sentencing judge a sentence of 24 months for count VII.*

3. In "Sekhar v. United States", 570 U.S. 133, (2013), the Supreme Court held that the definition of extortion under Hobbs Act also applies to the 18 U.S.C. § 875(d). Supreme Court stated that absent other indication, "Congress intends to incorporate the well-settled meaning of the common-law terms it uses". "Neder v. United States", 527 U.S. 1. As far as is known, no

3

case predating the Hobbs Act - English, Federal, or State – ever identified conduct such as that charged here as extortionate.

Extortion required the obtaining of <u>items of value</u>, typically cash, from the victim. The Act's text confirms that obtaining property requires "not only the deprivation but also the acquisition of property". "<u>Scheidler v. National Organization of Women Inc.</u>", 537 U.S. 393. The property extorted must therefore be transferable - that is, capable of <u>passing from one person to another</u>, a defining feature lacking in the alleged property here. The genesis of the Hobbs Act reinforces that conclusion. Congress borrowed nearly verbatim the definition of extortion from a 1909 New York statute but did not copy provision of that statute. And in 1946, the time of the borrowing, New York courts had consistently held that the sort of interference with rights that occurred here was coercion. Finally, this Court's own precedent demands reversal of petitioner's convictions. See id. At 404-405. Pp. 3-8.

4.      <u>Hobbs Act</u>, enacted in 1946, defines its crime of <u>extortion</u> as the obtaining of property from another, with consent induced by wrongful use of actual or threatened force, violence of fear, or under color of official right, 18 U.S.C. § 1951(b)(2). <u>Obtaining property requires not only the deprivation but also the acquisition of property</u>. That is, it requires that the victim part with his/her property and that the extortionist gain possession of it. <u>The property extorted must therefore be transferable, that is, capable of passing from one person to another</u>.

*Therefore, based on the Supreme Court's precedent in "<u>Huto v. Davis</u>" the Chief U.S. Probation officer, Douglas W. Burris, the Supervising Probation Officer, Joseph L. Hendrickson, and, U.S. Probation Officer Kristi K. Rackley were obligated to follow the Supreme Court precedent in "<u>Sekhar v. United States</u>", but the choose NOT to.*

*If they followed Supreme Court precedents in "<u>Sekhar v. United States</u>", they would know that the Hobbs Act also apply to the 18 U.S.C. § 875(d), and therefore, they could NEVER come to the conclusion that the count V were an extortion, and could NEVER recommend to the sentencing judge 24 months imprisonment in count V.*

4

5.  The Chief U.S. Probation officer, Douglas W. Burris, the Supervising Probation Officer, Joseph L. Hendrickson, and, U.S. Probation Officer Kristi K. Rackley a four-level sentence enhancement for specific offense characteristic and two-level sentence enhancement for obstruction of justice, and separate count two from the group of counts I-IV.

   (i) In "Apprendi v. New Jersey", 530 U.S. 466, (2000), the Supreme Court **forbid** a judge to impose a criminal sentence **above** the statutory maximum on the basis of fact, other than prior conviction, not found by a jury, or admitted by the defendant, the rules leaves no room for a bifurcated approach that would distinguish between (1) facts concerning the offense, where the Apprendi rule would apply; and (2) facts concerning the offender, where the rule would not apply.

*Therefore, based on the Supreme Court's precedent in "Huto v. Davis" the Chief U.S. Probation officer, Douglas W. Burris, the Supervising Probation Officer, Joseph L. Hendrickson, and, U.S. Probation Officer Kristi K. Rackley were obligated to follow the Supreme Court precedent's, but the choose NOT to.*

*If they followed Supreme Court precedent's in "Apprendi v. New Jersey", they would know the fact that a judge cannot impose a criminal sentence **above** the statutory maximum, and could never recommend a 6 level enhancement. With the recommendation of 6 level enhancement they violate Petrovic's Sixth Amendment, jury-trial guarantee.*

6.  In "Cuninghan v. California", 549 U.S. 270, (2007), the Supreme Court held that the jury-trial guarantee of the Federal Constitution's Sixth and Fourteenth Amendments proscribe a sentencing scheme that allows a judge to impose a criminal sentence <u>above</u> the "<u>statutory maximum</u>" on the basis of a fact, other than a prior conviction, not found by a jury or admitted by the defendant. Except for a prior conviction, any fact that increases the penalty for a crime beyond the prescribed "statutory maximum" MUST be submitted to a jury and proved beyond a reasonable doubt. For purpose of this rule, the relevant "statutory maximum" is NOT the maximum sentence that a judge may impose after "finding additional facts§, but rather the

maximum that the jury's verdict alone does not authorize the sentencing if, instead, the judge MUST find an additional fact to impose the longer term-then the Sixth Amendment requirement is NOT satisfied;

*Therefore, based on the Supreme Court's precedent in "Huto v. Davis" the Chief U.S. Probation officer, Douglas W. Burris, the Supervising Probation Officer, Joseph L. Hendrickson, and, U.S. Probation Officer Kristi K. Rackley were obligated to follow the Supreme Court precedent's, but the choose NOT to.*

*If they followed Supreme Court precedent's in "Cuninghan v. California", they would know that **any** fact that increases the penalty for a crime beyond the prescribed "statutory maximum" MUST be submitted to a jury and proved beyond a reasonable doubt, and therefore they could NEVER recommend a total offense level of 24, and illegally separated count two from the group of counts I-IV. With their recommendation the probations Officers violate Petrovic's jury-trial guarantee of the Federal Constitution's Sixth and Fourteenth Amendments.*

7. In Cunninghan v. California, 549 U.S. 270, (2007), the Supreme Court held that a criminal defendant have right trial by jury under the Federal Constitution's Sixth and Fourteenth Amendments, where the system provided that:

(i) Most offenses were punishable by imprisonment for one of three fixed terms of years, "lower term", "middle term", or "upper term";

(ii) The trial judge had no discretion to select a sentence within a range of years between those terms;

(iii) The trial judge is obligated to sentence the defendant to the "middle term", unless the judge found fact that: (a) were beyond the elements of the charged offense; (b) related to the offense, or the offender; and (c) Would allow the imposition of a "upper term" or "lower term" sentence;

    (iv)    The judge, and not jury, had the authority to find aggravating facts that would permit the sentence to be elevated to an "upper term" sentence.

In Cunninghan v. California, 549 U.S. 270, (2007), the Supreme Court held that in petitioner's case, the jury's verdict alone limited the permissible sentence to 12 years. Additional fact-finding by the trial judge, however, yielded un upper term sentence of 16 years. The California Court of Appeals affirmed the harsher sentence. We granted certiorari, 546 U.S. 1169, S Ct 329, 164 L Ed 2d 47, (2006), and now reverse that disposition because the four-year elevation based of judicial fact-finding denied petitioner his right to A JURY TRIAL:

8.    In "Blakely v. Washington", 542 U.S. 296, (2004), the supreme Court used an example and stated that:

"The maximum penalty for Blakely's offense, under Washington Reform Act, was ten years' imprisonment, BUT, if no facts beyond those reflected in the jury's verdict were found by trial judge, Blakely could not receive a sentence ABOVE a standard range of 49 to 53 months. Blakely was sentenced to 90 months, more than three years ABOVE the standard range, based on the judge's finding of DELIBERATE CRUELTY. Applying Apprendi, this Court held the sentence UNCONSTITUTIONAL.

The State in Blakely endeavored to distinguish Apprendi, contending that Blakely's sentence was within the judge's discretion, based solely on the guilty verdict. The Supreme Court dismissed that argument. Blakely could not have been sentenced ABOVE the standard range absent an additional fact. Consequently, that fact was subject to the Sixth Amendment's jury-trial guarantee.

The Supreme Court in Blakely held that the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allow a judge to impose a sentence ABOVE the statutory maximum based on fact, other than a prior conviction, not found by jury or admitted by the defendant. See: "Apprendi v. New Jersey", 530 U.S. 466, (2000); "Ring v. Arizona", 536 U.S.

584, (2002); "Blakely v. Washington", 542 U.S. 296, (2004); "United States v. Booker", 543 U.S. 220, (2005).

*Therefore, based on the Supreme Court's precedent in "Huto v. Davis" the Chief U.S. Probation officer, Douglas W. Burris, the Supervising Probation Officer, Joseph L. Hendrickson, and, U.S. Probation Officer Kristi K. Rackley were obligated to follow the Supreme Court precedent's, but the choose NOT to.*

*If they followed Supreme Court precedent's in "Cuninghan v. California" and "Blakely v. Washington", they would know that The trial judge is obligated to sentence Jovica Petrovic to the "middle term", (30 months), unless the judge found fact that: (a) were beyond the elements of the charged offense; (b) related to the offense, or the offender; and (c) Would allow the imposition of a "upper term, (33 months)" or "lower term", (27 month)" sentence.*

*The Chief U.S. Probation officer, Douglas W. Burris, the Supervising Probation Officer, Joseph L. Hendrickson, and, U.S. Probation Officer Kristi K. Rackley would know that the Supreme Court in Blakely held that the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allow a judge to impose a sentence ABOVE the statutory maximum based on fact, other than a prior conviction, not found by jury or admitted by the defendant, therefore, they could NEVER recommend a sentence of 96 months imprisonment.*

9. In their recommendation the Chief U.S. Probation officer, Douglas W. Burris, the Supervising Probation Officer, Joseph L. Hendrickson, and, U.S. Probation Officer Kristi K. Rackley used the following U.S.S.G. Manual to calculate Petrovic's sentence:

(i) U.S.S.G. Manual from 2011, in §2A6.2, stalking or domestic violence base offense level are **18 point, (27-33 months)**;

(ii) The "application note 4" stated that for purposes of chapter three, part D (multiple counts involving stalking, threatening, or harassing the same victim are grouped toghether (and with counts of other offenses involving the same victim that are covered by this guideline) under § 3D1.2 (group of closely related counts)

8

**For example:**

If the defendant is convicted of two counts of stalking the defendant's ex-spouse, under 18 U.S.C. § 2261A, and one count of interstate violence involving assault of the ex-spouse, under 18 U.S.C. § 2261, the stalking counts would be grouped together with the interstate domestic violence count. This grouping procedure avoids unwarranted "**double counting**" with the enhancement in subsection (b)(1)(E) (for multiple acts of stalking, threatening, harassing, or assaulting the same victim) and recognizes that the stalking and interstate domestic violence counts are sufficiently related to warrant grouping.

The USSG § 3D1.3 stated that (a) in the case of counts grouped together pursuant to § 3D1.2(a) – (c), the offense level applicable to a group is the offense level, determined in accordance with chapter and parts A, B, and C of the chapter three, for the most serious of the counts comprising the group, i.e. the highest offense level of the counts in the group.

USSG § 3D1.2 stated that "all counts involving substantially the same harm shall be grouped together into a single group. Counts involve substantially the same harm within the meaning of this rule: (b) when counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan."

*If the Chief U.S. Probation officer, Douglas W. Burris, the Supervising Probation Officer, Joseph L. Hendrickson, and, U.S. Probation Officer Kristi K. Rackley followed the United States Sentencing Guideline § 3D.2, they would NEVER separate count two from the group of counts I-IV, and therefore they would NEVER recommend 36 months imprisonment for the count two, which was clearly a "**double counting**" for the same harms.*

## CONCLUSION

If the Chief U.S. Probation officer, Douglas W. Burris, the Supervising Probation Officer, Joseph L. Hendrickson, and, U.S. Probation Officer Kristi K. Rackley, did follow the Sixth Amendment, jury-trial guaranty, United States Sentencing Guideline, United States Public Penal Code § 223.4, and Supreme Court's precedents, they would come to the conclusion that the count V and VII wasn't an extortion, and therefore the count I-IV were protected by the First Amendment to the United States Constitution, and they would never recommend that Petrovic should be sentenced to 96 months imprisonment, **but they didn't.**

Therefore Petrovic was wrongfully sentenced to 96months imprisonment based on purposely wrong calculated and recommended sentence by the Chief U.S. Probation officer, Douglas W. Burris, the Supervising Probation Officer, Joseph L. Hendrickson, and, U.S. Probation Officer Kristi K. Rackley.

Even the Court of Appeals for the Eighth Circuit, in the direct Appeal, comes to the following conclusion on December 13, 2012:

> "Because of the Petitioner's harassing and distressing communication in count I-IV, under 18 U.S.C. § 2261A(2)(A) were integral to his criminal conduct of **extortion** in count V and VII, under 18 U.S.C. § 875(d), the communication was **not** protected by First Amendment, and that a **sexual relationship** could be a **thing of value** the Petitioner intended to extort, under 18 U.S.C. § 875(d).

**PRAYER FOR RELIEF**

Petrovic has no plain, adequate or complete remedy at law to address the wrong described of united herein. Petrovic has been and will continue to be irreparably injured by the misconduct of Chief U.S. Probation officer, Douglas W. Burris, the Supervising Probation Officer, Joseph L. Hendrickson, and, U.S. Probation Officer Kristi K. Rackley, unless the agency grants the declaratory relief which Petrovic seeks.

Wherefore, Petrovic respectfully prays that this court will grant Petrovic:

1. A declaration that the act and omissions described herein violated Petrovic's rights under the United States Constitution and laws of the United States; and

2. Compensatory damages in the amount of $ 6,324,000,000.00 (§ 2,400,000 per day x 2,635 days) against United States of America.

3. A jury trial on all issues, triable by jury;

4. Plaintiff's costs in this suit; and

5. Additional relief, this court deems just, proper, and equitable.

Respectfully submitted

Jovica Petrovic

Address:

JOVICA PETROVIC
C/O Robert Petersen
Warthaer Str. 23
01157 Dresden
Germany

Phone: +49-176-2277-4356

Email: lovran70@gmail.com

February 14, 2019

Corrected on March 16, 2019