JOVICA PETROVIC, )
)
Plaintiff, )
)
v. ) No. 4:19-CV-1386 RLW
)
UNITED STATES OF AMERICA, )
)
Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on the application of plaintiff Jovica Petrovic, a former

criminal defendant in this Court, to proceed in the district court without prepaying fees or costs.

Based on plaintiff's financial information, the Court will grant the application. Furthermore, based

upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant

to 28 U.S.C. § 1915(e)(2)(B).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma

pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To

state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare

recitals of the elements of a cause of action [that are] supported by mere conclusory statements."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for

relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether

a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## Background

On October 6, 2010, a grand jury indicted plaintiff with four counts of interstate stalking and harassment in violation of 18 U.S.C. § 2261A(2)(A), two counts of interstate extortionate threat under 18 U.S.C. § 875(d), one count of interstate stalking with a dangerous weapon under 18 U.S.C. § 2261A(1), and one count of interstate violation of a protection order under 18 U.S.C. § 2262(a)(1). *See United States v. Petrovic*, No. 4:10-CR-415-HEA (E.D. Mo.). On November 18, 2011, a jury found plaintiff guilty on four counts of interstate stalking and harassment in violation of protective orders and two counts of interstate extortionate thereat. The Court sentenced plaintiff to 96 months' imprisonment. *See id.* at ECF No. 191. Plaintiff appealed, and his conviction and sentence were affirmed by the United States Court of Appeals for the Eighth Circuit.

On February 24, 2014, plaintiff filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See Petrovic v. United States*, No. 4:14-CV-334-HEA (E.D. Mo.). The Court denied the motion. The Eighth Circuit affirmed the denial of plaintiff's § 2255 motion on appeal. Throughout his § 2255 action plaintiff filed many petitions for writ of mandamus with the Eight Circuit Court of Appeals, all of which were denied. After the denial of his § 2255 motion, plaintiff filed two motions to reopen the case which also were denied.

In short, plaintiff has exhausted his direct appeals and his post-conviction remedies. After serving his sentence, plaintiff was deported to Germany. He remains a frequent filer of lawsuits in this Court. *See Petrovic v. United States*, No. 4:16-CV-1744-SNLJ (E.D. Mo. filed Nov. 8, 2016);

*Petrovic v. Jackman, et al.*, No. 4:16-CV-1770-HEA (E.D. Mo. filed Nov. 7, 2016); *Petrovic v. United States*, No. 4:19-CV-47-SNLJ (E.D. Mo. filed Jan. 14, 2019) (consolidated into *Petrovic v. United States*, No. 4:19-CV-30 SNLJ (E.D.Mo. filed Jan. 9, 2019)).

## The Complaint

In his complaint[1], brought nominally under the Federal Tort Claims Act ("FTCA"), plaintiff sues the United States of America alleging various constitutional violations by the judge who presided over his federal criminal trial, *United States v. Petrovic*, No. 4:10-CV-415-HEA. Plaintiff states the judge "deliberately and sadistically sentenced Jovica Petrovic innocent for 96 months in federal prison. Sentencing was based only on guilty verdict from the jury, and against the U.S. Constitution." Many of his arguments are duplicative of those previously denied in his § 2255 motion. Plaintiff asserts his innocence, and argues that the judge violated the sentencing guidelines, law, and the Constitution.

For relief, plaintiff seeks a declaration that his constitutional rights were violated and monetary damages of more than six trillion dollars.

## Discussion

Plaintiff's complaint will be dismissed as legally frivolous. This action is duplicative of the prior actions filed in this Court. The Eighth Circuit has held that a complaint that is duplicative or repetitive of another complaint previously dismissed in forma pauperis is frivolous. *Aziz v. Burrows*, 976 F.2d 1158, 1158-59 (8th Cir. 1992).

Moreover, to the extent the Court could construe plaintiff's complaint as stating a claim under the FTCA, his suit is barred by the two-year statute of limitations. *See T.L. ex rel. Ingram v. United States*, 443 F.3d 956, 961 (8th Cir. 2006).

---

[1] Plaintiff originally filed his complaint on April 1, 2019, in the United States District Court for the District of Columbia. The District Court for the District of Columbia transferred the action here on May 20, 2019.

Additionally, plaintiff's allegations against the United States are barred by the doctrine of sovereign immunity. "To sue the United States, [a plaintiff] must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction." *V S Ltd. P'ship v. Dep't of Hous.and Urban Dev.*, 235 F.3d 1109, 112 (8th Cir. 2000). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed" by Congress. *United States v. King*, 395 U.S. 1, 4 (1969). To the extent that plaintiff brings claims against the United States outside the context of the FTCA, he has not shown any waiver of the doctrine of sovereign immunity.

Finally, although plaintiff has not named the judge of his criminal case as a defendant in this action, each allegation in the complaint states how the judge has wronged plaintiff. Judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). A judge acts in his judicial capacity when he exercises control over his courtroom. *See Sheppard v. Maxwell*, 384 U.S. 333, 358 (1966) ("the courtroom and courthouse premises are subject to the control of the court"). Plaintiff's allegations do not show that the judge acted outside of his jurisdiction, and the judge is entitled to absolute immunity.

For all of these reasons, the Court will dismiss plaintiff's complaint on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in district court without prepaying fees or costs [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C.

§ 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this ⁴ᵗʰ day of June, 2019.

_____

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE